UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| BRYANT KEITH COLLINS | * | CIVIL DOCKET NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| MARQUETTE TRANSPORTATION | * | MAGISTRATE JUDGE |
| COMPANY, LLC | * | |

COMPLAINT FOR DAMAGES

NOW INTO THIS HONORABLE COURT, through undersigned counsel, comes Bryant Keith Collins ("Claimant"), who respectfully declares the following:

1.

Claimant is domiciled in Opelousas, St. Landry Parish, Louisiana.

2.

Made Defendant herein is Marquette Transportation Company, LLC, a Delaware limited liability company with its registered office in Belle Chasse, Louisiana, authorized to do and doing business within the jurisdiction of this Court.

3.

Claimant brings this action pursuant to the General Maritime Laws of the United States, 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688) commonly known as the Jones Act, and the laws of the state of Louisiana.

4.

This Court is vested with venue as the defendant conducts business within the judicial district and jurisdiction is proper under 28 USCA 1333.

5.

Upon information and belief, Marquette Transportation Company, LLC owns and/or operated the M/V Layla Renee.

6.

At all times pertinent hereto, Claimant was an employee of the Defendant, Marquette Transportation Company, LLC, and was assigned to perform services as the captain of the offshore towing vessel M/V Layla Renee.

7.

Claimant contributed to the function and mission of the vessel and is a Jones Act seaman.

8.

On or about February 12, 2012, Bryant Collins was injured on the M/V Layla Renee when steps leading from the wheelhouse broke from their mount while Mr. Collins attempted to descend in responding to an engine alarm. It is alleged that the steps failed due to their defective and negligent design, installation, and/or maintenance.

9.

It is alleged that the M/V Layla Renee was unseaworthy, and that the unseaworthiness was the proximate cause of Claimant's injuries.

10.

It is further alleged that Marquette Transportation Company, LLC failed to provide Claimant with a safe place to work as well as a seaworthy vessel.

11.

It is alleged that Marguette Transportation Company, LLC knew or should have known that the steps were subject to failure and/or operational negligence in their anticipated use and cause serious injury rising to Jones Act negligence.

12.

Claimant pleads the doctrine of res ipsa loquitur for both liability and causation.

13.

Should discovery reveal facts to support wilful and wanton conduct, Claimant is entitled to punitive damages under general maritime law for unseaworthiness.

14.

The Defendant is liable for all acts of negligence of its/their respective employees, agents, and/or servants under the theory of respondent superior.

15.

As a direct result of the negligence and/or fault alleged, Claimant sustained serious and permanent injury to his right lower extremity, ankle, and foot. Consequently, he has and will lose wages and/or earning capacity in the future, has and will suffer pain, suffering, mental anguish and emotional distress, permanent disability, and loss of enjoyment of life.  Accordingly, Bryant Collins is entitled to sue for and recover from the Defendant damages reasonable under the facts, together with pre-judgment interest, post judgment interest, and all costs of these proceedings.

16.

Claimant further alleges that he is also entitled to maintenance and cure benefits extending from February 12, 2012, to the present and until he reaches maximum medical improvement, and for reasonable attorney's fees, costs, and expenses associated with the maintenance and cure claim.

17.

Should discovery reveal facts to support wilful and wanton conduct associated with the denial and/or function of Claimant's maintenance and cure benefits, Claimant is also entitled to punitive damages reasonable under the facts.

**WHEREFORE,** your Claimant prays as follows:

1. That the Defendant be served in the manner prescribed by law.

2. That after due proceedings had, there by judgment herein in favor of

Claimant, Bryant Keith Collins, and against the Defendant, Marquette Transportation Company, LLC and the M/V Layla Renee, jointly, severally, and in solido, for compensatory and punitive damages reasonable under the facts, maintenance and cure benefits extending from February 12, 2012, to the present and until he reaches maximum medical improvement, for reasonable attorney's fees, costs, and expenses associated with the maintenance and cure claim, and all costs of these proceedings.

3. For all general and equitable relief.

RESPECTFULLY SUBMITTED:

_____
VICTOR J. VERSAGGI (#13050)
DOMENGEAUX WRIGHT ROY & EDWARDS
556 Jefferson Street, Suite 500 (70501)
P. O. Box 3668
Lafayette, LA 70502-3668
PH: (337) 233-3033
FX: (337) 232-8213
*Attorneys for Claimant, Bryant Keith Collins*